UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-01533-KJM-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.   The Complaint

Plaintiff's complaint, in the caption, names as defendants: 1) "Sacramento County Sheriff Department 25+ officers"; 2) Sacramento County Supervisors; and 3) CHP. ECF No. 1 at 1. The complaint does not contain a jurisdictional statement, and cites to numerous state law provisions. Plaintiff does not clearly plead reliance upon a federal statute, or violation of a federal constitutional right.

Plaintiff alleges he was illegally detained. ECF No. 1 at 2. Plaintiff alleges there was an illegal search and seizure. *Id.* Plaintiff may be alleging that video recording of the incident exists and has not been provided to him. *Id.* at 3. Page four of the complaint is just a list of state law provisions and cases. At page five, Plaintiff appears to claim that he was stopped for giving the middle finger to a police officer. Page six is largely more references to state law, followed by stating he has chosen to add the police chief because he is "Sacramento society as a whole everything is his fault either their good or bad as written in the book called The art of war…". Plaintiff also makes an allegation of "obsessive force," concerning the number of officers who responded. *Id.* at 6. Plaintiff asserts he was rushed, but could "keep up and was not harmed," and could sense the officers' frustration. Page seven asserts more violations of state law, and states: "Okay, here you go: I just found a few related cases from Sacramento that resulted in settlements…". *Id.* at 7. The complaint does not contain a clear statement of relief requested, although Plaintiff does appear to seek monetary and injunctive relief, including injunctive relief from the Department of Justice, which is not named as a party. *Id.* at 8.

C. <u>Analysis</u>

The complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff does not plead a federal statute upon which the claim is based. Plaintiff may be attempting to assert a claim under 42 U.S.C. § 1983, but the statute is not referenced in the complaint. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). There is a reference to "first amendment" in the complaint, so Plaintiff may be seeking to vindicate a federal constitutional right. But in order to state a claim under section 1983, a plaintiff is required to plead that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).

Plaintiff has not named any individual defendants. To the extent he seeks to hold liable a local governmental unit, he would need to comply with *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). In order to establish liability under *Monell*, "a plaintiff must … establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022). Plaintiff has not sufficiently alleged a policy, custom, or practice. Plaintiff has also named CHP as a defendant. To the extent he seeks to sue the California Highway Patrol, it is entitled to sovereign immunity from § 1983 claims. *See O'Leary v. California Highway Patrol*, 923 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency … and the State of California has not consented to suit … both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983.").

The complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing Plaintiff's entitlement to relief. The exact nature of Plaintiff's claim is unclear from the complaint. The complaint contains extraneous language that makes it difficult to follow, for example: 1) "Alright I sent the cause of action as well as the laws used for the cause of action to you;" 2) "Alright. So I'd word it like this then;" 3) "That's the best

4

wording I can think of for that …"; 4) "Yeah sure thing"; 5) "Ok here is what I have so far;" and 6) "Absolutely. Here are some relevant cases."  ECF No. 1 at 1, 2, 3, and 4.

      There are two dates mentioned on the first page of the complaint, so it is unclear if Plaintiff complains of multiple events or one.  Plaintiff appears to complain of an interaction with law enforcement, but it is not clear on what day it occurred, who was involved, or what allegedly happened.  Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted.  The complaint is thus subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar*, 698 F.3d at 1212 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

      If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

      The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: November 4, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE