1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHAD MICHAEL CREEL,                         No.  2:24-cv-01533-KJM-SCR

12                   Plaintiff,

13          v.                                     ORDER

14    SACRAMENTO COUNTY SHERIFF
      DEPARTMENT, et al.,
15
                     Defendants.
16

17

18          Plaintiff is proceeding pro se in this action, and accordingly this matter was referred to the

19    undersigned pursuant to Local Rule 302(c)(21).  Plaintiff filed a motion for leave to proceed in

20    forma pauperis ("IFP") which was granted.  ECF No. 5.  On November 5, 2024, the Court issued

21    an Order screening the original complaint pursuant to 28 U.S.C. 1915(e)(2).  The Order advised

22    Plaintiff of the deficiencies with the complaint, and allowed him 30 days to file an amended

23    complaint.  On December 6, 2024, Plaintiff filed a First Amended Complaint ("FAC").  ECF No.

24    6.  The Court now screens the FAC, and for the reasons provided below, the Court finds

25    Plaintiff's FAC is legally deficient and will grant Plaintiff a second opportunity to file an

26    amended complaint.

27    ////

28    ////

                                                    1

1                                    I.  SCREENING

2        A.      <u>Legal Standard</u>

3        The federal IFP statute requires federal courts to dismiss a case if the action is legally

4  "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

5  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

6  reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

7  Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short

8  and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

9  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

10  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

11  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

12  Fed. R. Civ. P. 8(d)(1).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

15  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

16  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

17  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von*

18  *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*

19  *denied*, 564 U.S. 1037 (2011).

20        The court applies the same rules of construction in determining whether the complaint

21  states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

22  must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

23  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

24  less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the

25  court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v.*

26  *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of

27  a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

28  555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The First Amended Complaint ("FAC")

Plaintiff's FAC names as defendants: 1) Sacramento County Board of Supervisors; 2) Sacramento County Sheriff's Department; 3) CHP, and 4) "Jon Doe Jane Doe". ECF No. 6 at 2-3. The FAC asserts federal question jurisdiction and states "see cover letter." *Id.* at 4. The civil cover sheet states that jurisdiction is based on the U.S. Government being a Plaintiff, and the nature of the suit is Americans with Disabilities-Employment. ECF No. 6-1. The rest of the form complaint is then blank with only references to "see cover letter." ECF No. 6 at 4-6.

Page eight of the FAC states Plaintiff is pursuing a claim under 42 U.S.C. § 1983 against the California Highway Patrol ("CHP"). ECF No. 6 at 8. Plaintiff alleges he was unlawfully detained for making the middle finger gesture at a passing CHP officer. *Id.* Plaintiff alleges his detention was in retaliation for exercise of his First Amendment rights. Plaintiff contends this unlawful detention occurred on September 17, 2023. *Id.* at 8.

The FAC is incorrectly formatted as it contains multiple captions and signatures. Six times the caption is repeated, and in three different places it is signed. At page eleven is a new caption and a description of Plaintiff's claim against the Sacramento County Sheriff's Department. ECF No. 6 at 11. Plaintiff contends on January 8, 2024, he was unlawfully detained by the Sacramento County Sheriff's Department. *Id.* Plaintiff again claims the detention was for making a middle finger gesture. *Id.* at 12.

Page 13 then appears to duplicate the allegations on page 11. Page 14 contains a series of conclusory allegations, including excessive force, illegal search and seizure, failure to train, sexual misconduct, and emotional distress. ECF No. 6 at 14-15. Pages 16 through 18 then again

3

1    repeat allegations against the Sacramento County Sheriff's Department.

2          C.     Analysis

3          The FAC does not contain a proper statement of federal jurisdiction.  Plaintiff asserts

4    jurisdiction based on the plaintiff being the U.S. Government, which is incorrect, and based on

5    this being an ADA employment action, even though there are not allegations about Plaintiff

6    having a disability or about employment.  However, Plaintiff does make reference to 42 U.S.C. §

7    1983, which would be a proper basis for federal jurisdiction.  Plaintiff was informed in the prior

8    screening order (ECF No. 5) that, "[Section] 1983 'is not itself a source of substantive rights,' but

9    merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v.*

10    *Connor*, 490 U.S. 386, 393–94 (1989).  The prior Order also set forth the requirements to state a

11    claim under § 1983.  ECF No. 5 at 4.  In order to state a claim under section 1983, a plaintiff is

12    required to plead that (1) a defendant acting under color of state law (2) deprived plaintiff of

13    rights secured by the Constitution or federal statutes.  *Benavidez v. County of San Diego*, 993

14    F.3d 1134, 1144 (9th Cir. 2021).  Plaintiff does not allege that any named individual violated his

15    constitutional rights.  Plaintiff could conceivably allege facts to support a claim for First

16    Amendment retaliation related to his making an obscene gesture.  *See Duran v. City of Douglas*,

17    904 F.2d 1372, 1378 (9th Cir. 1990); *Mitchell v. City of Henderson*, 2015 WL 427835 (D. Nev.

18    2015) ("Individuals are entitled to verbally oppose police activities, which includes obscene

19    gestures such as giving the middle finger.").  However, as currently pleaded, the instant FAC fails

20    to state a claim.

21          The FAC does not name any individual defendants.  To the extent Plaintiff seeks to hold

22    liable a local governmental unit, he would need to satisfy the pleading requirements under the

23    standard set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  In order to

24    establish liability under *Monell*, "a plaintiff must … establish that the local government had a

25    deliberate policy, custom, or practice that was the moving force behind the constitutional

26    violation they suffered."  *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022).

27    Plaintiff has not sufficiently alleged a policy, custom, or practice.  Plaintiff makes a conclusory

28    assertion that the Sheriff's Department failed to provide adequate training.  ECF No. 6 at 14.  He

1    claims the Department did not provide adequate training "related to mental health crises and

2    appropriate responses to individuals in distress." *Id.* Plaintiff does not allege how this alleged

3    inadequate training was the moving force behind a constitutional violation. Plaintiff does not

4    allege that he was having a mental health crisis or was an individual in distress.

5    Plaintiff has also named CHP as a defendant. However, CHP itself is entitled to sovereign

6    immunity from § 1983 claims. *See O'Leary v. California Highway Patrol*, 923 F.2d 862 (9th Cir.

7    1991) ("Because the CHP is a state agency … and the State of California has not consented to suit

8    … both the State and the CHP enjoy sovereign immunity and cannot be sued under section

9    1983."). Individual CHP officers may be sued in their individual or personal capacities under §

10   1983, assuming the other requirements for § 1983 liability are adequately set forth. *See Hafer v.*

11   *Melo*, 502 U.S. 21, 30 (1991) (state officials sued in their individual capacities are "persons"

12   within the meaning of section 1983).

13   There appear to be two different events alleged in the FAC involving different law

14   enforcement agencies. There is the event of September 2023 involving CHP, and the event of

15   January 2024 involving the Sheriff's Department. Federal Rule of Civil Procedure 20 governs

16   permissive joinder of parties and explains that defendants may be joined into the same action if:

17   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect

18   to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

19   (B) any question of law or fact common to all defendants will arise in the action. It is unclear

20   whether Plaintiff alleges the two events are part of the same transaction or occurrence.

21   Finally, Plaintiff's FAC contains conclusory references to "excessive use of force,"

22   "illegal search and seizure," and "sexual misconduct," but Plaintiff does not set forth factual

23   allegations to support these conclusions. The court need not assume the truth of legal conclusions

24   cast as factual allegations. *See Moss*, 572 F.3d at 969. A formulaic recitation of the elements of a

25   cause of action does not suffice to state a claim. *See Twombly*, 550 U.S. at 555-57. Pleading that

26   an officer "used excessive force," does not describe what force was used, the manner of such

27   force, or the circumstances surrounding the use of force.

28   ////

5

1    Although the FAC does not contain a valid jurisdictional statement, the Court would have

2    jurisdiction over any of Plaintiff's cognizable3 § 1983 claims.  The FAC however fails to plead

3    sufficient facts supporting its conclusory assertions, names at least one defendant who has

4    sovereign immunity against suit, and does not plead facts sufficient to establish *Monell* liability.

5    The FAC fails to state a claim and is subject to dismissal pursuant to 28 U.S.C. §

6    1915(e)(2)(B)(ii).  However, Plaintiff is proceeding pro se and a pro se litigant should be given

7    leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.

8    *Akhtar*, 698 F.3d at 1212.  Rather than recommending dismissal of the action, the undersigned

9    will provide Plaintiff a second opportunity to amend the complaint to allege a proper basis for

10    jurisdiction and facts supporting a cognizable cause of action.

11                                II.  AMENDING THE COMPLAINT

12    If plaintiff chooses to amend the complaint, the amended complaint must allege facts

13    establishing the existence of federal jurisdiction and address the other issues the Court identified

14    above.  In addition, it must contain a short and plain statement of plaintiff's claims.  The

15    allegations of the complaint must be set forth in sequentially numbered paragraphs, with each

16    paragraph number being one greater than the one before, each paragraph having its own number,

17    and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be

18    limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are

19    available to help plaintiffs organize their complaint in the proper way.  They are available at the

20    Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

21    www.uscourts.gov/forms/pro-se-forms.

22    Plaintiff's amended complaint shall be clearly labeled as the "**Second Amended**

23    **Complaint**" and shall not contain duplicative portions as the FAC did – for example, it should

24    not contain multiple captions and signature lines.

25    The second amended complaint must not force the Court and the defendants to guess at

26    what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir.

27    1996) (affirming dismissal of a complaint where the district court was "literally guessing as to

28    what facts support the legal claims being asserted against certain defendants").  The second

1   amended complaint should contain specific allegations as to the actions of each named defendant.

2       Also, the second amended complaint must not refer to a prior pleading in order to make it

3   complete.  An amended complaint must be complete in itself without reference to any prior

4   pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes

5   the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438,

6   456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6

7   C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).

8   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

9   of each defendant must be sufficiently alleged.

III.  CONCLUSION

11      Accordingly, **IT IS HEREBY ORDERED** that:

12  1.  Plaintiff **shall have 30 days from the date of this order** to file a second amended

13      complaint that addresses the defects set forth above.

14  2.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice

15      of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil

16      Procedure.

17  3.  If Plaintiff does not file a second amended complaint within 30 days, the Court will issue

18      Findings and Recommendations that the action be dismissed for failure to state a claim

19      upon which relief may be granted.

20      SO ORDERED.

21  DATED: January 24, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE