UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL, | No. 2:24-cv-01533-KJM-SCR |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action, and accordingly this matter was referred to the undersigned by operation of Local Rule 302(c)(21). The Court previously granted Plaintiff leave to proceed in forma pauperis ("IFP"). ECF No. 5. Granting IFP status does not end the court's inquiry, however, as the Court is required by Section 1915(e)(2) to screen the complaint and must dismiss an action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court has previously screened the original and first amended complaints. ECF Nos. 5 & 7. Now before the Court is Plaintiff's second amended complaint ("SAC"). The Court concludes that, for screening purposes only, the SAC presents sufficiently cognizable claims and directs service.

////

1

## I.  SCREENING

### A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

### B.  The Complaint

Plaintiff's SAC names as defendants: 1) the Sacramento County Sheriff's Department; 2) Sheriff Jim Cooper; 3) Deputy Sheriff #1; and 4) Deputy Sheriff #2.  ECF No. 8 at 2-3.  Plaintiff asserts federal question jurisdiction and cites to 42 U.S.C. § 1983.  ECF No. 8 at 3-4.  Plaintiff alleges violation of his First and Fourth Amendment rights.  He contends he was subjected to unlawful detention in retaliation for "flashing his middle finger" at officers.  *Id.* at 7.  Plaintiff alleges he was searched without consent, and that one of the officers "groped" his genital area. *Id.*  Plaintiff alleges the date the events occurred, January 8, 2024, and that they occurred in a recreational vehicle park where Plaintiff was living.  *Id.*

### C.  Analysis

Plaintiff's SAC (ECF No. 8) asserts a jurisdictional basis, contains a statement of his claim, and a request for monetary damages.  It appears the gist of Plaintiff's SAC is that he was allegedly unlawfully detained, searched, and groped in retaliation for the exercise of his First Amendment rights.  In order to state a claim under section 1983, a plaintiff is required to plead that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).  Plaintiff does not know the names of the two officers involved in the incident, but as

1  Plaintiff alleges the date and location of the occurrence, those names will presumably be learned
2  through discovery.  Plaintiff has alleged colorable claims under § 1983 concerning First
3  Amendment retaliation related to his making an obscene gesture.  *See Duran v. City of Douglas*,
4  904 F.2d 1372, 1378 (9th Cir. 1990) ("Thus, while police, no less than anyone else, may resent
5  having obscene words and gestures directed at them, they may not exercise the awesome power at
6  their disposal to punish individuals for conduct that is not merely lawful, but protected by the
7  First Amendment."); *Mitchell v. City of Henderson*, 2015 WL 427835 (D. Nev. 2015)
8  ("Individuals are entitled to verbally oppose police activities, which includes obscene gestures
9  such as giving the middle finger.").  Accordingly, for screening purposes only, the Court
10 concludes that Plaintiff's claims are sufficiently cognizable and directs service.

## II. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Service of the Second Amended Complaint (ECF No. 8) is appropriate for the following Defendants: 1) the Sacramento County Sheriff's Department; 2) Sheriff Jim Cooper; 3) Deputy Sheriff #1; and 4) Deputy Sheriff #2.
2. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
3. The Clerk of the Court shall send Plaintiff the above: one USM-285, one summons, a copy of the SAC, and an appropriate form for consent to trial by a magistrate judge.
4. Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>.  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:
   a. One completed summons;
   b. One completed USM-285 form;
   c. One copy of the endorsed filed complaint, with an extra copy for the

1         U.S. Marshal;

2         d. One copy of the instant order; and

3         e. An appropriate form for consent to trial by a magistrate judge.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: March 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE