UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL, | No. 2:24-cv-01533-KJM-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned by operation of Local Rule 302(c)(21). Plaintiff sues over a January 8, 2024 incident during which Sacramento County Sheriff's deputies allegedly detained and groped him in violation of his constitutional rights. He proceeds on the Second Amended Complaint. ECF No. 8. Before the Court is Defendant Jim Cooper's and Defendant Sacramento County Sheriff's Department's motion to dismiss. ECF No. 12. Opposition and reply briefs were filed. ECF Nos. 17 & 18. The Court heard argument on the motion on June 12, 2025. The Court also discussed with the parties the identities of the two unnamed deputies involved in the January 8, 2025 incident. The Court recommends GRANTING the motion to dismiss and dismissing the *Monell* claims against the Sacramento County Sheriff's Department and Sheriff Jim Cooper without leave to amend but allowing Plaintiff to file a Third Amended Complaint to name one or both of deputies involved in the incident.

1

## I. Background and Procedural History

Plaintiff filed his complaint and a request to proceed in forma pauperis on May 31, 2024. ECF Nos. 1 & 2. On November 5, 2024, the Court issued an order granting leave to proceed IFP, found the complaint failed to state a claim, and granted leave to amend. ECF No. 5. Plaintiff filed a first amended complaint ("FAC") on December 6, 2024. ECF No. 6. The Court screened the FAC, found the FAC failed to state a claim, and granted leave to amend. ECF No. 7. On February 26, 2025, Plaintiff filed the operative second amended complaint ("SAC"). ECF No. 8.

The SAC alleges violation of his First and Fourth Amendment rights. Plaintiff contends he was subjected to unlawful detention in retaliation for "flashing his middle finger" at officers. ECF No. 8 at 7. Plaintiff alleges he was searched without consent, and that one of the officers "groped" his genital area. *Id.* Plaintiff alleges the date the events occurred, January 8, 2024, and that they occurred in a recreational vehicle park where Plaintiff was living. *Id.*

The SAC names as Defendants: 1) the Sacramento County Sheriff's Department ("SCSD"); 2) Sheriff Jim Cooper; 3) Deputy Sheriff #1; and 4) Deputy Sheriff #2. ECF No. 8 at 2-3. SCSD and Cooper have filed a motion to dismiss arguing that Plaintiff fails to state a municipal liability claim against SCSD, and that the claim against Cooper is duplicative because he is sued only in his official capacity. ECF No. 12 at 2.

## II. Legal Standards

Defendants SCSD and Cooper move to dismiss on the basis of Rule 12(b)(6). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court

1 accepts as true the allegations in the complaint and construes the allegations in the light most
2 favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court
3 need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel.*
4 *Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require
5 detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-
6 harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels
7 and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550
8 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of
9 action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume
10 that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ...
11 laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
12 *Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. Analysis

#### A. *Monell* Liability & Supervisory Liability

"[M]unicipalities and other local government units … [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Counties are also persons for purposes of § 1983. *See Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014) ("[W]hen a California sheriff's department performs the function of conducting criminal investigations, it is a county actor subject to suit under § 1983."). "In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc).

As for supervisory liability, "a supervisor is only liable for the constitutional violations of subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under § 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "An official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation." *Felarca v. Birgeneau*, 891 F.3d 809, 819–20 (9th Cir. 2018). This causal connection

3

1  can be established "by setting in motion a series of acts by others or by knowingly refus[ing] to
2  terminate a series of acts by others, which [the supervisor] knew or reasonably should have
3  known would cause others to inflict a constitutional injury." *Rodriguez v. County of Los Angeles*,
4  891 F.3d 776, 798 (9th Cir. 2018).

5      Defendants argue that Plaintiff has failed to sufficiently plead municipal liability under
6  *Monell*. Defendants contend that there is no allegation of a policy or custom of SCSD which
7  caused the purported violation of Plaintiff's rights. ECF No. 12-1 at 4. Defendants argue that the
8  claims against Sheriff Cooper are redundant. *See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty.*
9  *Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local
10 government entity are named, and the officer is named only in an official capacity, the court may
11 dismiss the officer as a redundant defendant."). Defendants contend that Cooper is named only in
12 his official capacity, and that even if the SAC were construed as an individual capacity claim,
13 Plaintiff still fails to state a claim because there are no specific allegations against Cooper. ECF
14 No. 12-1 at 5.

15     Plaintiff's pro se Opposition (ECF No. 17) is somewhat confusing. Plaintiff says he wants
16 to clarify that he "flipped off" CHP officers "during a completely separate incident and was
17 mistakenly referenced in the current complaint." ECF 17 at 3. He states that event "is not part of
18 the present case involving" SCSD. *Id.* Plaintiff also states that he has attempted to identify
19 Deputy Sheriff #1 and Deputy Sheriff #2, but was only provided a list of 25 names. ECF No. 17
20 at 3. He makes no meaningful policy or custom argument, essentially arguing a custom or policy
21 can be inferred. *Id.* at 4. He argues Cooper should remain a Defendant under a supervisory
22 liability theory, and says one of the deputies threatened him by saying, "Do you want to get
23 shot?"

24     Plaintiff states he is currently filing a motion to amend, motion for judicial notice, and
25 motion for protective order – but he did not file any such motions. ECF No. 17 at 5. The Reply
26 argues that Plaintiff has conceded there was no obscene gesture and thus his First Amendment
27 retaliation claim fails. ECF No. 18 at 2. Defendants also reiterate their arguments concerning
28 *Monell* liability and supervisory liability for Cooper. *Id.* at 3-4.

1  The statement of facts in the SAC is only one-page and it contains no specific allegations
2  against Sheriff Cooper. ECF No. 8 at 7. Plaintiff's opposition claims that "Sheriff Cooper failed
3  to supervise or discipline the involved officers despite repeated misconduct complaints,"
4  including against the officers involved in his incident. ECF No. 17 at 4. However, that statement
5  is unsupported by any specific allegations. Having failed to allege facts showing either municipal
6  or supervisory liability against either of the identified defendants, the claims against those
7  defendants should be dismissed.

**B. Leave to Amend**

At the hearing on June 12, 2025, the undersigned asked Plaintiff if he was aware of any other facts that would support either municipal liability or liability against Sheriff Cooper. Plaintiff's answers indicate that he is not aware of any such facts. Accordingly, amendment would be futile as to Defendants SCSD and Sheriff Cooper. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, Plaintiff should be granted leave to amend to name one or both of the deputies involved in the January 8, 2024 incident, Andrew Titherington and Jacob Elliot, who counsel for Defendants SCSD and Sheriff Cooper identified at the June 12 hearing. Plaintiff's amended complaint can also clarify the facts underlying his claims. While Plaintiff affirmed that he did not flip off the deputies involved in the incident, he explained that other facts support his claims. Specifically, he explained that the deputies did a high speed chase through trailer park; that he decided to film the evolving incident with his phone, that a deputy threatened to shoot him when he allegedly "stepped too close"; that he told the deputies, "It's a lawsuit for you," and asked for badge numbers; and that the deputies then detained him in the back of a law enforcement vehicle for ten minutes. In light of these additional and more detailed facts, Plaintiff may be able to state a claim on which relief can be granted in a Third Amended Complaint and amendment accordingly would not be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a]

5

district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

### IV.  CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Defendant SCSD and Cooper's motion to dismiss (ECF No. 12) be GRANTED without leave to amend; and

2. Plaintiff be granted leave to file a Third Amended Complaint in order to identify the deputies involved in the January 8, 2024 incident and clarify the facts underlying his claims.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, either party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: June 20, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE