1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   CHAD MICHAEL CREEL,                        No.  2:24-cv-01533-KJM-SCR

11              Plaintiff,

12        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13   SACRAMENTO COUNTY SHERIFF
     DEPARTMENT, et al.,
14
                Defendants.
15

16

17        Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant

18   to Local Rule 302(c)(21).  Before the Court is the motion to dismiss (ECF No. 28) filed by

19   Defendant Sacramento County Sheriff's Department (SCSD).  Plaintiff has filed a motion to

20   accept late filings (ECF No. 31) and a motion to e-file (ECF No. 26).  The Court held a status

21   conference on the pending motions on November 20, 2025.  The Court now recommends

22   DENYING the motion to dismiss.  The claims against SCSD have already been dismissed

23   without leave to amend.  ECF No. 24.  The Court herein addresses Plaintiff's other pending

24   motions and directs service of the operative complaint on Deputy Titherington.

25        **I.    Background and Procedural History**

26        Plaintiff filed his complaint and a request to proceed in forma pauperis on May 31, 2024.

27   ECF Nos. 1 & 2.  On November 5, 2024, the Court issued an order granting leave to proceed IFP

28   and dismissed the complaint with leave to amend.  ECF No. 5.  Plaintiff filed a first amended

1

1    complaint ("FAC") on December 6, 2024.  ECF No. 6.  The Court screened the FAC and

2    dismissed it with leave to amend.  ECF No. 7.  On February 26, 2025, Plaintiff filed a second

3    amended complaint ("SAC").  ECF No. 8.  The SAC alleged violation of Plaintiff's First and

4    Fourth Amendment rights.  Plaintiff stated he was subjected to unlawful detention in retaliation

5    for "flashing his middle finger" at officers.  ECF No. 8 at 7.  Plaintiff alleged he was searched

6    without consent, and that one of the officers "groped" his genital area.  *Id.*  Plaintiff alleges the

7    date the events occurred, January 8, 2024, and that they occurred in a recreational vehicle park

8    where Plaintiff was living.  *Id.*

9        The SAC named as Defendants: 1) SCSD; 2) Sheriff Jim Cooper; 3) Deputy Sheriff #1;

10   and 4) Deputy Sheriff #2. ECF No. 8 at 2-3.  SCSD and Cooper filed a motion to dismiss, arguing

11   that Plaintiff failed to state a municipal liability claim against SCSD, and that the claim against

12   Cooper is duplicative because he is sued only in his official capacity.  ECF No. 12 at 2.  The

13   Court issued Findings and Recommendations (F&R) that the motion to dismiss be granted and the

14   claims against SCSD and Cooper dismissed without further leave to amend.  ECF No. 20.  The

15   Court recommended Plaintiff be granted leave to amend only to identify the one or two deputies

16   involved in the matter.  ECF No. 20 at 1, 6.

17       Before the F&R was adopted, Plaintiff prematurely filed a Third Amended Complaint,

18   which was subsequently stricken.  ECF No. 24.  Plaintiff then filed a Fourth Amended Complaint

19   ("Fourth Complaint") on August 29, 2025.  ECF No. 27.  The Fourth Complaint named one

20   deputy, Deputy Titherington, but also again named SCSD.[1]  ECF No. 27 at 1.  SCSD filed a

21   motion to dismiss the action arguing that the entire action should be dismissed for failure to

22   comply with court orders under Federal Rule of Civil Procedure 41, or for failure to state a claim.

23   ECF No. 28-1.

24   ////

25   ////

26   ────────────────────

27   [1] SCSD was named in the caption, but was not named as a defendant in the "Parties" section of
     the Fourth Complaint.  ECF No. 27 at 1-2.  SCSD was not specifically listed in the "Claims for
     Relief" section, but Counts III and IV were asserted collectively against "Defendants."  ECF No.

28   27 at 4-5.  Plaintiff also sought injunctive relief against SCSD.  *Id.* at 5.

1    **II.      Analysis**

2       **A.      <u>SCSD's Motion to Dismiss</u>**

3       SCSD argues that Plaintiff "continuously and willfully fails to comply" with Court orders

4    and thus the entire action is subject to dismissal pursuant to Rule 41(b).[2]  Under that rule, "in

5    order for a court to dismiss a case as a sanction, the district court must consider five factors: (1)

6    the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

7    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

8    cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California*

9    *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citation and quotation omitted).

10      Although Plaintiff's inclusion of SCSD in the TAC and Fourth Complaint is in violation

11   of the Court's prior order, the Court does not find that such noncompliance merits dismissal of the

12   entire action.  SCSD also argues that the Fourth Complaint was filed one-week late.  ECF No. 28-

13   1 at 2.  Although Plaintiff as a pro se litigant is expected to comply with local rules and deadlines

14   set by the Court, the Court does not find the one-week delay in filing the Fourth Complaint has

15   prevented the expeditious resolution of the litigation, or prevented the court from managing its

16   docket.  SCSD contends it has suffered prejudice by being forced to again move to dismiss,

17   despite the claims against it being previously dismissed without leave to amend.  *Id.* at 8.  The

18   Court finds this factor does weigh in favor of dismissal.  The public policy in favor of deciding

19   cases on the merits weighs against dismissal.

20      SCSD argues that lesser sanctions will not suffice as Plaintiff has failed to comply with

21   multiple orders.  However, the Court finds the drastic sanction of dismissing the entire action is

22   not warranted.  SCSD has already been dismissed from this action and arguably could have

23   avoided the expense of this additional motion by awaiting the Court's screening order pursuant to

24   28 U.S.C. § 1915.  The Court does not fault SCSD for filing the instant motion to protect its

25   interests, but does not find Plaintiff's noncompliance of the severity to merit dismissal.

26   Moreover, it is not clear whether Plaintiff's inclusion of SCSD in certain portions of the Fourth

27

28   ---
     [2]  SCSD also moves to dismiss under Rule 12(b)(6), but that motion is unnecessary as the Court
     already ordered SCSD dismissed from this action without leave to amend.  ECF No. 24.

1    Complaint was willful, or the result of sloppy drafting. As set forth above in footnote 1, SCSD

2    was not listed in the "Parties" section of the Fourth Complaint, and SCSD states it was not served

3    with the Fourth Complaint. ECF No. 28-1 at 2. Although the Court recommends denying the

4    motion to dismiss, Plaintiff is cautioned that future noncompliance with orders of the Court may

5    result in appropriate sanctions, up to and including dismissal of the action.

6              **B.        Screening the Fourth Complaint**

7              The Court will now proceed to screen the Fourth Complaint pursuant to 28 U.S.C. § 1915

8    and determine whether service should be directed on Deputy Titherington. Plaintiff's Fourth

9    Complaint names as defendants: 1) SCSD; 2) Deputy Titherington; and 3) Does 1-10. ECF No.

10   27 at 2-3. Plaintiff asserts federal question jurisdiction and cites to 42 U.S.C. § 1983. ECF No.

11   27 at 2. Plaintiff alleges violation of his First and Fourth Amendment rights. He contends he was

12   subjected to unlawful detention for filming a police action on January 8, 2024. *Id.* at 7. Plaintiff

13   alleges he was searched without consent, and that Titherington "groped" him during the search

14   and seized his cell phone. *Id.*

15             In earlier version of the complaint, Plaintiff contended that the unlawful detention was in

16   response to making an obscene gesture at officers. The Court then stated: "It appears the gist of

17   Plaintiff's SAC is that he was allegedly unlawfully detained, searched, and groped in retaliation

18   for the exercise of his First Amendment rights." ECF No. 11 at 2. On that basis, the Court found

19   that "Plaintiff has alleged colorable claims under § 1983 concerning First Amendment retaliation

20   related to his making an obscene gesture." *Id*. at 3, citing *Duran v. City of Douglas*, 904 F.2d

21   1372, 1378 (9th Cir. 1990). Plaintiff now appears to have removed the allegation that he made an

22   obscene gesture at the officers and instead alleges that he was detained for filming police

23   activities. The Court finds that Plaintiff has alleged colorable First and Fourth Amendment

24   claims against Deputy Titherington.

25             The Ninth Circuit has stated: "The First Amendment protects the right to photograph and

26   record matters of public interest . . . This includes the right to record law enforcement officers

27   engaged in the exercise of their official duties in public places." *Askins v. Dep't of Homeland*

28   *Security*, 899 F.3d 1035, 1044 (9th Cir. 2018). Accordingly, for screening purposes only, the

                                                        4

1  Court concludes that Plaintiff's claims are sufficiently cognizable and directs service.  The Court

2  recognizes that Plaintiff's Fourth Complaint appears to contain formatting errors and undue

3  repetition, but those issues may be addressed by responsive pleading.

4  **C.  Plaintiff's Pending Motions (ECF Nos. 26 & 31)**

5  Plaintiff has filed a motion for e-filing.  ECF No. 26.  Plaintiff previously filed a motion to

6  e-file (ECF No. 21), which was denied without prejudice.  See ECF No. 25.  The Court's Local

7  Rules provide that "any person appearing pro se may not utilize electronic filing except with the

8  permission of the assigned Judge or Magistrate Judge".  *See* Local Rule 133(b)(2).

9  This Court's local rule recognizes, as do similar local rules in other Districts, the

10  difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to

11  use e-filing.  *See*, *e.g.*, *Baker v. IC Sys., Inc.*, No. CV-08-8091-PCT-DGC, 2008 WL 4186166, 1

12  (D. Ariz. Sept. 9, 2008) (the court "require[s] pro se litigants to submit documents in paper form

13  so that the Clerk's Office can insure that the documents are properly filed").  Although improper

14  filings in this matter have not been abundant, Plaintiff has filed documents that were stricken by

15  the Court.  *See* ECF Nos. 24 & 39.  The Court does not find good cause to allow e-filing, and the

16  motion (ECF No. 26) is DENIED.

17  Plaintiff also filed a "Motion to Accept Late Filing and Grant ADA Relief."  ECF No. 31.

18  This motion is unclear as to what late filing it wishes the Court to accept.  In fact, it apparently

19  asks the Court to "accept late filings" categorically.  ECF No. 31 at 2.  The Court will not grant a

20  blanket request for all filings to be made late.  Pro se litigants are subject to the same procedural

21  requirements as other litigants. *See Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

22  The failure to comply with the Local Rules, including the deadlines set therein, may merit

23  dismissal.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district

24  court's local rules is a proper ground for dismissal.").  Plaintiff may, however, seek specific

25  allowance for future late filings on a filing-by-filing basis, and may explain in such requests any

26  basis under the ADA or other disability laws for such allowance.  The Court does observe that

27  this motion was filed on the same day as Plaintiff's Opposition (ECF No. 30) to the motion to

28  dismiss, which was untimely.  LR 230(c).  Thus, to the extent Plaintiff sought permission to file

5

his Opposition out-of-time, the Court will grant the motion and consider the untimely Opposition.

## II.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to e-file (ECF No. 26) is DENIED.

2.  Plaintiff's motion to accept late filings (ECF No. 31) is GRANTED as to allowing the Opposition brief (ECF No. 30) to be filed late, but is otherwise denied.

3.  The Court directs service of the Fourth Complaint on Deputy Titherington.

4.  The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

5.  The Clerk of the Court shall send Plaintiff the above: one USM-285, one summons, a copy of the Fourth Complaint (ECF No. 27), and an appropriate form for consent to trial by a magistrate judge.

6.  Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal.  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:

    a.  One completed summons;

    b.  One completed USM-285 form;

    c.  One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

    d.  One copy of the instant order; and

    e.  An appropriate form for consent to trial by a magistrate judge.

7.  In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8.  The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal,

1    501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

2    9.  Failure to comply with this order may result in a recommendation that this action be

3    dismissed.

4    Additionally, **IT IS HEREBY RECOMMENDED** that Defendant SCSD's motion to

5    dismiss (ECF No. 28) be DENIED.  The motion is unnecessary to the extent Defendant SCSD has

6    already been dismissed from this action, and Plaintiff's noncompliance does not merit the severe

7    sanction of dismissal of the entire action.  Plaintiff is cautioned that future noncompliance with

8    orders of the Court may result in appropriate sanctions, up to and including dismissal of the

9    action.

10    These findings and recommendations are submitted to the United States District Judge

11    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14)**

12    **days** after being served with these findings and recommendations, either party may file written

13    objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

14    Findings and Recommendations."  Local Rule 304(d).  The parties are advised that failure to file

15    objections within the specified time may waive the right to appeal the District Court's order.

16    *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17    IT IS SO ORDERED.

18    DATED: December 4, 2025

19

20    SEAN C. RIORDAN

21    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

7