UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY TITHERINGTON,<br><br>　　　　Defendant. | No. 2:24-cv-01533-KJM-SCR<br><br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The claims against Sacramento County Sheriff's Department and Sheriff Jim Cooper have been dismissed. *See* ECF No. 24. On December 5, 2025, the Court directed service of the Fourth Amended Complaint as to only Deputy Titherington. The Order directing service provided, in relevant part, as follows: "Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>." ECF No. 40 at 6 (emphasis in original).

　　　　Plaintiff did not file a statement with the Court stating that the required documents had

1

been submitted to the United States Marshal. No return or proof of service on Titherington has been filed on the docket. Instead, Plaintiff has requested entry of default (ECF No. 44) and filed a motion for summary judgment (ECF No. 45). The request for entry of default claims that Titherington was "personally served," but does not say when or who effected service. ECF No. 44 at 5. In fact, the filing contains blanks such as: "[INSERT EXACT DATE MARSHALS SERVED HIM]" and [INSERT DATE 21 DAYS AFTER SERVICE]." *Id*. It appears Plaintiff filed an incomplete and premature request for entry of default that does not demonstrate that Titherington was served.

Plaintiff's motion for summary judgment is also premature and improper. The Court will not entertain a motion for summary judgment as to Titherington when there is no proof of service, no answer on file by Titherington, and no discovery has taken place. The motion for summary judgment claims that the United States Marshal has served Titherington. ECF No. 45 at 5. However, it does not state when this service occurred, and there is no proof of service on record. Additionally, if Titherington has been served and is in default, as Plaintiff's filings contend, then the motion for summary judgment is unnecessary. Plaintiff filed a prior motion for summary judgment that was stricken as "procedurally improper and premature" (ECF No. 39), and Judge Mueller struck his Third Amended Complaint (ECF No. 24). Plaintiff has also been cautioned that "future noncompliance with orders of the Court may result in appropriate sanctions, up to and including dismissal of the action." ECF No. 43 at 2. The instant motion also does not comply with Local Rule 260(a) as it does not include a statement of undisputed facts, and was not properly noticed for hearing in accord with Local Rule 230.

Accordingly, IT IS HEREBY ORDERED:

1. **Plaintiff shall show cause, in writing, within 14 days**, why he did not comply with the Court's directive that he file within 15 days of December 5, 2025, a statement indicating that he had provided service documents to the U.S. Marshal. *See* ECF No. 40 at 6. If Plaintiff claims he provided the required service documents to the Marshal, he shall indicate the date he did so.
2. As Plaintiff claims service on Titherington has been completed, Plaintiff's response

1 shall also include executed returns/proof of service.

2 3. Plaintiff's motion for summary judgment (ECF No. 45) is STRICKEN as procedurally improper and for noncompliance with the Local Rules.

4 4. If Plaintiff fails to timely respond, the court will recommend dismissal of this case for failure to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

SO ORDERED.

DATED: January 5, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE