UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD MICHAEL CREEL,

      Plaintiff,

      v.

DEPUTY TITHERINGTON,

      Defendant.

No.  2:24-cv-01533-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The claims against Sacramento County Sheriff's Department and Sheriff Jim Cooper have been dismissed.  *See* ECF No. 24.  On December 5, 2025, the Court directed service of the Fourth Amended Complaint only as to Deputy Titherington.  The Order directing service provided, in relevant part: "Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal."  ECF No. 40 at 6 (emphasis in original).

Plaintiff did not file a statement with the Court stating that the required documents had been submitted to the United States Marshal.  Plaintiff did file a request for entry of default,

1

which claimed that Titherington was "personally served," but did not state when or who effected such service. ECF No. 44 at 5. On January 6, 2026, this Court issued an Order to Show Cause (OSC) directing Plaintiff to show cause within 14 days why he had not complied with the Court's order. ECF No. 46. The OSC provided in part: "If Plaintiff claims he provided the required service documents to the Marshal, he shall indicate the date he did so." *Id*. at 2. The OSC further stated: "As Plaintiff claims service on Titherington has been completed, Plaintiff's response shall also include executed returns/proof of service." *Id*. at 2-3.

On January 8, 2026, Plaintiff filed a declaration and exhibits. ECF Nos. 47 & 48. Plaintiff's "declaration" is 20 pages in length, only two of which appear to be relevant. The first four pages are a form document, then at pages 5-6 appears the relevant material. Thereafter a second largely redundant declaration, followed by "supplemental factors" which are not applicable – including generic statements about transportation, appearing at the courthouse, etc. ECF No. 47 at 6-8. Following that, is a "conclusion" which states the case is "ready for final resolution" and again asks for a default judgment. *Id.* at 8-10. The filing concludes with eight pages of unnecessary form documents that Plaintiff has created. *Id*. at 13-20.

In the relevant two pages, Plaintiff claims that one or two days after the Court's order directing service (ECF No. 40) was issued, he called the United States Marshal's Office and was informed that service had been effected. ECF No. 47 at 5. Plaintiff claims he tried to submit a service packet via mail, but it was returned unopened. *Id*.

Plaintiff files as an exhibit what purports to be the "unopened return service packet" that Plaintiff claims to have sent to the Marshal's office. ECF No. 48 at 5. One return of service form appears to be signed and dated by Plaintiff on November 26, 2025, and stamped received by the Marshal on December 3, 2025.[1] *Id*. at 15. The exhibits include copies of some other documents filed in this case, such as a notice of partial voluntary dismissal (ECF No. 48 at 21), a motion for summary judgment (ECF No. 48 at 38), and the Fourth Amended Complaint (ECF No. 48 at 82).

---

[1] The Court's order directing service of the Fourth Amended Complaint was not issued until December 5, 2026. This raises the possibility that Plaintiff sent the service packet prior to the Court's order issuing, and that when Plaintiff contacted the Marshal to see if service had been completed, the Marshal's office may have been referring to an earlier version of the complaint.

2

On January 13, 2026, Plaintiff filed an "Emergency Application for Issuance of Subpoena" (ECF No. 49) requesting the issuance of a subpoena duces tecum to the U.S. Marshal. Plaintiff appears to state that he needs records from the Marshal to adequately respond to the Court's OSC. ECF No. 49 at 5. Plaintiff again declares that he contacted the Marshal's office and was informed that service had been completed. *Id*. at 7. Plaintiff declares under penalty of perjury that his representations are true and correct. *Id*. at 8. On January 23, 2026, Plaintiff filed a "proof of service" which contains no details establishing that any document was served. ECF No. 52. All details are left blank, and it is unsigned.

The Court must determine if Plaintiff provided the appropriate documents to the U.S. Marshal as directed in its Order directing service: "one USM-285, one summons, a copy of the Fourth Complaint (ECF No. 27), and an appropriate form for consent to trial by a magistrate judge." ECF No. 40 at 6. The Court must also determine if Deputy Titherington was served, as Plaintiff represents, and if so why a return of service was not filed.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for issuance of a subpoena (ECF No. 49) is DENIED.

2. The United States Marshal shall respond to this Order **within 14 days**. If service has been completed on Deputy Titherington, the Marshal may respond by filing the return/proof of service. If service has not been effected, the Marshal shall file a statement indicating if the service documents and Fourth Amended Complaint were received from Plaintiff, and on what date, and indicate the reasons why service has not been completed.

3. The Clerk is directed to provide a copy of this order to the U.S. Marshal's Office.

SO ORDERED.

DATED: February 26, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3