UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL, | No. 2:24-cv-01533-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| DEPUTY TITHERINGTON, | |
| Defendant. | |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On December 5, 2025, the Court directed service of the Fourth Amended Complaint as to only Deputy Titherington. The Order directing service provided, in relevant part, as follows: "Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal." ECF No. 40 at 6 (emphasis in original).

Plaintiff did not file a statement with the Court stating that the required documents had been submitted to the U.S. Marshal. Plaintiff did file a request for entry of default, which claimed that Titherington was "personally served" but did not state when or who effected service. ECF

1

No. 44 at 5.  On January 6, 2026, the Court issued an Order to Show Cause (OSC) directing Plaintiff to show cause within 14 days why he had not complied with the Court's order.  ECF No. 46.  The Order provided in part: "If Plaintiff claims he provided the required service documents to the Marshal, he shall indicate the date he did so." *Id*. at 2.  The Order further stated: "As Plaintiff claims service on Titherington has been completed, Plaintiff's response shall also include executed returns/proof of service." *Id*. at 2-3.

On January 8, 2026, Plaintiff filed a declaration and exhibits.  ECF Nos. 47 & 48.  Plaintiff claimed that one or two days after the Court's order directing service (ECF No. 40) was issued, he called the U.S. Marshal's office and was informed that service had been effected.  ECF No. 47 at 5.  Plaintiff claimed he tried to submit a service packet via mail, but it was returned unopened. *Id*.

On January 13, 2026, Plaintiff filed an "Emergency Application for Issuance of Subpoena" (ECF No. 49) requesting the issuance of a subpoena duces tecum to the U.S. Marshal.  Plaintiff appeared to claim that he needed records from the Marshal to adequately respond to the Court's OSC.  ECF No. 49 at 5.  Plaintiff again declared that he contacted the Marshal's office and was informed that service had been completed. *Id*. at 7.  On January 23, 2026, Plaintiff filed a "proof of service" document.  However, that document contained no details establishing that any document was served—all details were left blank, and it was unsigned.  ECF No. 52.

The Court denied Plaintiff's request that a subpoena be issued to the Marshal, but directed the Marshal to respond as to whether service had been effected, and if not, to explain why.  ECF No. 53.  Thereafter, a return of service and waiver of service were filed.  ECF Nos. 54 & 55.  The waiver of service indicates that an answer or motion under Rule 12 is due within 60 days of February 25, 2026.  ECF No. 55

Since then, Plaintiff has filed three more motions.  Plaintiff filed a motion for default judgment, or in the alternative, summary judgment.  ECF No. 56.  Plaintiff filed a "motion for submission without oral argument/motion to sorten [sic] trial and request to vacate hearing."  ECF No. 57.  Plaintiff further filed a motion requesting that the Marshal serve the motion for default judgment/summary judgment.  ECF No. 58.

The motion for default judgment is inappropriate because the Clerk has declined to enter default. ECF Nos. 50 & 60. "A clerk's entry of default is a necessary predicate to obtaining default judgment." *Siegler v. Sorrento Therapeutics*, 2018 WL 6303728 (S.D. Cal. Dec. 3, 2018). Further, the Waiver of Service indicates that Defendant Titherington would have 60 days from February 25, 2026, to answer or otherwise respond. That means Defendant's responsive pleading is not due until April 27, 2026. Defendant is not currently in default. Thus, Plaintiff's motion is premature. To the extent the motion is one for summary judgment, it is also premature. Plaintiff has been previously cautioned about filing a "procedurally improper and premature" motion for summary judgment. *See* ECF Nos. 39 & 46. Plaintiff was cautioned in a prior order that his motion "does not comply with Local Rule 260(a) as it does not include a statement of undisputed facts, and was not properly noticed for hearing in accord with Local Rule 230." ECF No. 46 at 2. This motion, once again, does not comply with the Local Rules, or with Federal Rule of Civil Procedure 56.

Plaintiff's instant motions also state that he has been designated as a vexatious litigant, and requests "permission for this document to be filed and considered." *See for example* ECF No. 56-2 at 2; ECF No. 57 at 2. In making this statement, Plaintiff refers to California Code of Civil Procedure 391.7. Plaintiff has not been designated a vexatious litigant by this Court. Any request for permission to file are unnecessary.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Order to Show Cause issued on January 6, 2026 (ECF No. 46) is discharged. Plaintiff has demonstrated that service has been completed.

2. Defendant Titherington shall file an answer or other responsive pleading **no later than April 27, 2026**.

3. Plaintiff's motion to submit without oral argument, shorten trial, and vacate hearing (ECF No. 57) is GRANTED IN PART and otherwise denied. It is granted to the extent that the Court has considered the motion without oral argument.

4. Plaintiff's motion for default judgment/summary judgment (ECF No. 56) is DENIED without prejudice as premature and procedurally improper.

5.  Plaintiff's request that the Marshal serve the motion for default judgment (ECF No. 58) is DENIED.  After Deputy Titherington has appeared through counsel, he will receive notice of any future filings by Plaintiff through counsel and the Court's CM/ECF system.

SO ORDERED.

DATED: April 7, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4