UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br>Plaintiff,<br>v.<br>DEPUTY ANDREW TITHERINGTON,<br>Defendant. | No. 2:24-cv-01533-TLN-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's motion to strike affirmative defenses, or in the alternative for a more definite statement. ECF No. 68. The Court now grants the motion in part, and denies the motion in part.

**I. Background and Procedural History**

The parties are familiar with the procedural history of this action, which is set forth in greater detail in prior orders. *See* ECF No. 40 at 1-2. Relevant to the instant motion, on August 29, 2025, Plaintiff filed his Fourth Amended Complaint ("FAC"). ECF No. 27. The Court directed service of the FAC on Deputy Titherington ("Defendant"). ECF No. 40. After numerous filings and proceedings concerning service, Defendant filed an answer on May 18, 2026. ECF No. 65. Plaintiff timely filed the motion to strike on May 19, 2026. ECF No. 68.

Defendant filed an Opposition brief on June 2, 2026. ECF No. 75. No reply brief was filed, and the matter was submitted on June 18, 2026. ECF No. 83.

**II. Legal Standard for a Motion to Strike**

Rule 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft, Co*., 618 F.3d 970, 973 (9th Cir. 2010). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010); *see also Bakersfield Pipe & Supply v. Cornerstone Valve, LLC*, 2015 WL 4496349, *2 (E.D. Cal. July 23, 2015) (noting that, generally, motions to strike are "disfavored and infrequently granted").

An affirmative defense may be insufficient either as a matter of law or as a matter of pleading. *See Chock v. Stryker Corp*., 2025 WL 1797933, *1 (E.D. Cal. June 30, 2025). "Legal insufficiency means that the affirmative defense lacks merit under any set of facts the defendant might allege. Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Id*. (internal citation and quotation omitted). In regard to the pleading standard for affirmative defenses, the Ninth Circuit has seemingly continued to apply a "fair notice" standard after the Supreme Court's decisions in *Twombly* and *Iqbal*.[1] *See Kohler v. Flava Enterprises, Inc*., 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"). Some courts have applied the more demanding Rule 12(b)(6) standard when considering motions to strike affirmative defenses. *See, e.g., Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) ("[T]he courts in [the Northern District] have generally applied the *Twombly/Iqbal*

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

pleading standard to affirmative defenses.") (collecting cases).

**III. Plaintiff's Motion to Strike**

Plaintiff's motion to strike is vastly overlength at 71 pages. ECF No. 68. Plaintiff has been recently cautioned concerning overlength filings (ECF No. 77), and was told to comply with the Court's Civil Standing Order's 20-page limit at the June 18, 2026 status conference. Future non-compliant filings may result in the imposition of sanctions. Although Plaintiff's filing is unnecessarily verbose and constantly repeats the word "checkmate," Plaintiff generally argues that the affirmative defenses are overbroad and conclusory and fail to provide adequate notice. Plaintiff raises specific argument to the affirmative defenses at pages 18 and 19. Defendant argues that the nine affirmative defenses pled provide fair notice. ECF No. 75 at 4-5.

As stated above, an affirmative defense is insufficiently pled if it fails to provide a plaintiff with fair notice. Fair notice "requires the defendant state the nature and grounds for the affirmative defense," and although it is a "low bar," it does require "some factual basis" for the affirmative defense. *Chock*, 2025 WL 1797933 at *1 (internal citation and quotation omitted). "Generally, simply referring to a doctrine or statute is insufficient to afford fair notice." *Id.*; *see also United States v. Peters*, 2024 WL 4480190, *2 (E.D. Cal. Oct. 11, 2024) ("The law does not require extensive pleading of affirmative defenses. However, defendants must provide more than bare boilerplate references to various doctrines."). With these standards in mind, the Court will evaluate each of the nine affirmative defenses. Most of the affirmative defenses are a mere one sentence in length and several consist of what could be characterized as boilerplate references to various doctrines.

**1. First Affirmative Defense: Mitigation**[2]

Defendant states that Plaintiff failed to exercise reasonable diligence to mitigate damages. ECF No. 65 at 5. This defense fails to provide a factual basis. Merely asserting a failure to mitigate is insufficient. *See Peters*, 2024 WL 4480190, *2 (striking affirmative defenses including "failure to mitigate damages" as inadequately pled where the answer "merely refer[s] to

---

[2] Defendant's affirmative defenses are not clearly labeled in the heading, and as will be seen herein, sometimes refer to multiple defenses under one heading.

the name of each defense with no supporting allegations whatsoever"). This defense is stricken with leave to amend.

**2. Second: Multiple Equitable Defenses**

Defendant's second listed affirmative defense actually asserts four: waiver, estoppel, unclean hands, and laches. ECF No. 65 at 5. No factual basis is provided, mere labels are asserted, and thus the defenses are insufficiently pled. *See G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking affirmative defenses—such as unclean hands, res judicata, collateral estoppel, and superseding events—for failure to provide "basic information" necessary for fair notice to plaintiff); *see also Peters*, 2024 WL 4480190 (striking affirmative defenses of estoppel, ratification, unclean hands, and waiver and release as inadequately pled). This defense is stricken with leave to amend.

**3. Third: Failure to State a Claim**

Defendant asserts that Plaintiff's FAC fails to state a claim. ECF No. 65 at 5-6. Failure to state a claim asserts a defect in a plaintiff's prima facie case, it is "not appropriately alleged as an affirmative defense." *Chock*, 2025 WL 1797933 at *2. This defense is stricken without leave to amend.

**4. Fourth: Negligence**

This defense states that "plaintiff's own conduct, negligence, and/or acquiescence" caused his damages. ECF No. 65 at 6. No factual basis is presented for this assertion. This defense is stricken with leave to amend.

**5. Fifth: Qualified Immunity**

Defendant asserts that he is "entitled to qualified immunity as he did not act with deliberate indifference during any encounters with Plaintiff; moreover, no reasonable law enforcement officer in Defendant's position would have believed that their conduct towards Plaintiff violated his rights under clearly established law. *Saucier v. Katz*, 533 U.S. 194 (2001)." ECF No. 65 at 6. The Court finds this defense is adequately pled, and will deny the motion to strike as to this defense. *See Roe v. City of San Diego*, 289 F.R.D. 604, 609-610 (S.D. Cal. 2013) (declining to strike qualified immunity affirmative defense).

**6. Sixth: Reasonableness and Good Faith**

Defendant alleges that any force he used was reasonable, and that his actions were taken in good faith and without malice. Although this assertion is somewhat vague, the Court finds it is sufficient to put Plaintiff on notice of the defense. *See Roe*, 289 F.R.D. at 609-610 (declining to strike affirmative defense that officers acted "in good faith and with a reasonable belief that their conduct was lawful and necessary"). The Court denies the motion to strike as to this defense.

**7. Seventh: Privileges and Immunities**

This defense asserts: "At all times mentioned in the Fourth Amended Complaint on file herein and immediately prior thereto, Defendant alleges that Plaintiff's rights, privileges, and immunities secured under the United States Constitution have not been violated by any actions or omissions by Defendant." ECF No. 65 at 6. The Court finds this defense to be redundant. Defendant has already denied violating Plaintiff's constitutional rights and asserted qualified immunity and that his actions were reasonable. The Court will strike this defense as redundant.

**8. Eighth: Personal Participation**

The eighth defense states: "At all times mentioned in the Fourth Amended Complaint on file herein and immediately prior thereto, Defendant alleges that Plaintiff's claims or some of them, incorporate allegations which fail to allege any personal participation on behalf of this answering Defendant. As such, these claims are barred in whole and/or in part." ECF No. 65 at 6. This defense is vague as to Plaintiff's claims "or some of them," and similar to failure to state a claim discussed above, goes to the sufficiency of the pleading rather than to raising a defense. This defense is stricken with leave to amend.

**9. Ninth: Reserves Right to Assert More Defenses**

Defendant states: "As the complaint is couched in conclusory, vague, and ambiguous terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendant reserves the right to assert additional defenses if and to the extent such defenses are applicable." ECF No. 65 at 6-7. "[M]erely reserving the right to identify future defenses is not a proper affirmative defense." *Aguilar v. Taylor*, 2024 WL 4804828, at *4 (E.D. Cal. Nov. 15, 2024). Accordingly, this defense is stricken without leave to amend. See *Chock*,

2025 WL 1797933 at *3 ("reservation clause is not a proper affirmative defense and is stricken without leave to amend.").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Strike (ECF No. 68) is GRANTED IN PART and DENIED IN PART as set forth herein;
2. Defendant's affirmative defenses number one, two, four, and eight are stricken with leave to amend; Defendant's affirmative defenses three, seven, and nine are stricken without leave to amend;
3. If Defendant wishes to amend affirmative defenses one, two, four, or eight, Defendant shall file an Amended Answer **within 10 days of the date of this order** which pleads a sufficient factual basis to provide fair notice of the affirmative defenses.

SO ORDERED.

DATED: September 8, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE