UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br>Plaintiff,<br>v.<br>DEPUTY ANDREW TITHERINGTON,<br>Defendant. | No. 2:24-cv-01533-TLN-SCR<br><br><u>ORDER</u> |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's second motion to strike affirmative defenses (ECF No. 93). Plaintiff has also filed a Notice and Request to Streamline Discovery ("Notice") (ECF No. 64). The motion to strike is STRICKEN and the Notice seeks no affirmative relief from the Court.

Plaintiff previously filed a motion to strike affirmative defenses (ECF No. 68), which the Court granted in part. ECF No. 91. Defendant then filed an amended answer, which asserts only seven affirmative defenses. ECF No. 92. As a preliminary matter, Plaintiff's motion to strike fails to comply with the Local Rules and is difficult to read due to this non-compliance. Local Rule 130(c) requires documents filed with the Court to be double-spaced. A double-spaced document should contain roughly 28 lines per page. Plaintiff's filing contains more than 50 lines per page, and uses a small font size. Plaintiff has previously been cautioned about filing documents that exceed the 20-page limit set in this Court's Civil Standing Order. ECF No. 77.

Plaintiff has also been previously cautioned about filing documents that are not double-spaced. *See* ECF No. 86 ("Plaintiff's status report fails to comply with Local Rule 130(c), which requires documents submitted to the Court to be double-spaced. Further such non-compliant filings may be stricken."). Plaintiff cannot avoid the Court's page limits by submitting documents that are single-spaced and utilize a small font. Plaintiff shall use at least a 12-point font in future filings. Accordingly, Plaintiff's motion to strike is STRICKEN. The Court will allow Plaintiff ten days to file a motion to strike, if he so chooses to refile, that complies with the Local Rules, however, Plaintiff is reminded that motions to strike are "disfavored and infrequently granted." *Bakersfield Pipe & Supply v. Cornerstone Valve, LLC*, 2015 WL 4496349, *2 (E.D. Cal. July 23, 2015).

Plaintiff's Notice is captioned as a "Notice of Cooperation, Present Waiver of Plaintiff-Initiated Discovery and Depositions, Consent to Electronic Service, and Request to Streamline Discovery Procedure." ECF No. 94. The Notice does not seek to modify the discovery schedule set in the Court's order. *See* ECF No. 94 at 11 (requesting the Court "preserve the existing Scheduling Order except to the extent the Court expressly modifies it). Plaintiff also states: "Neither this notice nor any order recognizing it alters the existing Scheduling Order unless the Court expressly says otherwise." *Id*. at 9. The Notice states that Plaintiff will cooperate with discovery and that he does not intend at this time to serve written discovery or take depositions. Plaintiff asks that the Court recognize or acknowledge the Notice, which this Order does. The parties need not make filings informing the Court as to how they plan to conduct discovery. If modification of the Scheduling Order is sought, a party should file an appropriate motion requesting such relief and demonstrating good cause. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Strike (ECF No. 93) is STRICKEN.
2. Plaintiff is not required to re-file the motion to strike, however, if he chooses to do so the motion must comply with the Local Rules and must be filed within 10 days of the date of this Order;
3. Plaintiff's Notice (ECF No. 94) seeks no specific affirmative relief from the Court,

and to the extent the filing is intended to request modification of the discovery schedule, it is DENIED.

SO ORDERED.

DATED: October 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE