UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD MICHAEL CREEL,

Plaintiff,

v.

DEPUTY ANDREW TITHERINGTON,

Defendant.

No. 2:24-cv-01533-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's third motion to strike affirmative defenses (ECF No. 97). Defendant filed an Opposition. Plaintiff filed no reply.[1] The motion is DENIED.

Plaintiff previously filed a motion to strike affirmative defenses (ECF No. 68), which the Court granted in part. ECF No. 91. Defendant then filed an amended answer, which asserts seven affirmative defenses. ECF No. 92. Plaintiff then filed a second motion to strike (ECF No. 93) which the Court struck for failure to comply with the Local Rules. Plaintiff then filed this third motion.

[1] A reply is due within 10 days of the filing of the Opposition, or in this case by November 16, 2026. LR 230(d). Plaintiff did not properly notice the motion for hearing pursuant to Local Rule 230(b).

**I. Legal Standard for a Motion to Strike**

Rule 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft, Co*., 618 F.3d 970, 973 (9th Cir. 2010). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010); *see also Bakersfield Pipe & Supply v. Cornerstone Valve, LLC*, 2015 WL 4496349, *2 (E.D. Cal. July 23, 2015) (noting that generally motions to strike are "disfavored and infrequently granted").

An affirmative defense may be insufficient either as a matter of law or as a matter of pleading. *See Chock v. Stryker Corp*., 2025 WL 1797933, *1 (E.D. Cal. June 30, 2025). "Legal insufficiency means that the affirmative defense lacks merit under any set of facts the defendant might allege. Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Id.* (internal citation and quotation omitted). In regard to the pleading standard for affirmative defenses, the Ninth Circuit has seemingly continued to endorse a "fair notice" standard after the Supreme Court's decisions in *Twombly* and *Iqbal*.[2] *See Kohler v. Flava Enterprises, Inc*., 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"). Some courts have applied the more demanding *Twombly/Iqbal* standard when considering motions to strike affirmative defenses. *See, e.g., Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) ("[T]he courts in [the Northern District] have generally applied the *Twombly/Iqbal* pleading standard to affirmative defenses.") (collecting cases).

**II. Discussion**

The seven defenses in the amended answer are adequately pled to provide Plaintiff with

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

fair notice. Plaintiff's motion appears to want to argue the merits of the defenses, and it also challenges affirmative defenses of qualified immunity and reasonableness/good faith which the Court already found sufficiently pled when considering the first motion to strike. *See* ECF No. 91 at 4-5. Plaintiff's motion requests a variety of relief including striking defenses or potions of defenses, ordering a clarifying amendment, "permitting a focused corrected answer," and other relief. ECF No. 97 at 9-10. However, Plaintiff further states he "recognizes that the Court may conclude existing notice is sufficient and may reserve these issues for later resolution." *Id*. at 9. The Court does find the seven affirmative defenses provide fair notice.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (ECF No. 97) is DENIED.

SO ORDERED.

DATED: November 20, 2026



SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE